Nicholas M. Pette, J.
This is an application for an order declaring illegal the actions of the Executive Committee of the Democratic County Committee of the County of Queens in failing to elect one of its members as a chairman and instead vesting all of the powers and duties of the chairman in a three-man committee.
Petitioner is a duly elected member of the Democratic County Committee and of the Executive Committee of the Democratic County Committee. Prior to March, 1962 the Executive Committee, pursuant to its rules, elected a chairman from among its membership. On March 31,1962, Herbert Koehler, who had been duly elected chairman prior thereto, resigned from that *908 position. On April 17, 1962, a motion was made to designate the respondents, Clancy, Boyers and Castaldi to act in place and stead of a duly elected chairman. Petitioner acquiesced in this procedure at that time. This triumvirate exercised all of the rights and powers and performed the duties of the chairman of the Executive Committee.
On July 18, 1962, respondent Clancy resigned as a member of the triumvirate, and on the same day respondent Murphy was elected by the Executive Committee to replace Clancy. The petitioner again acquiesced in this procedure. Since that time this second triumvirate exercised all of the rights and powers and performed all of the duties of the chairman of the Executive Committee.
Petitioner alleges that subsequent to the election of the second triumvirate, he was advised by counsel that this procedure was illegal and contrary to the Buies of the Democratic County Committee.
Following the primary election held on September 6, 1962, and pursuant to the Buies of the Democratic County Committee, the Executive Committee met to organize itself. At that meeting a motion was made to defer the election of the chairman until November 16, 1962, and to continue the second triumvirate in place and stead of a duly elected chairman. Petitioner raised a point of order and the presiding officer, who had been vice-chairman of the Executive Committee when Koehler was chairman, sustained the point of order and ruled that the motion to continue the triumvirate was out of order. An appeal was taken from this ruling and on a rolleall vote the presiding officer’s decision was overruled by a vote of 31 to 17.
Subdivision 2 of rule IX of the Buies of the Democratic County Committee provides, in pertinent part, as follows: “ There shall he elected by a majority vote of the Assembly District Leaders present, from among their number, a Chairman who shall be a person other than the Chairman of the County Committee ”. (Emphasis supplied.)
Petitioner claims that the procedure followed by the Executive Committee is illegal and serves to disfranchise the voters of the Democratic party.
Bespondents contend that at the meeting of the Executive Committee, held on October 5, 1962, the members of the Executive Committee decided to defer the election of a chairman until November 16, 1962. As one of their affirmative defenses they state that at the meeting to be held on November 16, 1962, a chairman will be elected, in conformity with the Bules and Begulations of the Democratic County Committee. The resolution *909 of the Executive Committee, which deferred the election of a chairman until the meeting of November 16,1962, and continued the existence of the triumvirate until that time, contained a direction to the secretary of the Executive Committee to issue a notice for such meeting “ for the stated purpose of electing a Chairman of the Executive Committee ”. A supporting affidavit, executed by the secretary of the Executive Committee, states that he will comply with this direction to issue a notice for a meeting on November 16, 1962.
Under these circumstances it is unnecessary at this time for the court to rule on the legality of the existence of a triumvirate in place of a chairman. Certainly, the Executive Committee had the power to postpone the election of a chairman for a reasonable time. Such postponement might well be necessary in order to enable the members to study the qualifications of the possible candidates for the position. An adjournment, when it is not for an unreasonable length of time, would necessarily be among the inherent powers of such a committee. Nor can this court say that an adjournment from October 5 to November 16, 1962 is, as a matter of law, an unreasonable period of time, considering the importance of the position to be filled.
Accordingly the application is denied and the petition dismissed, without prejudice to petitioner’s right to institute a further proceeding or take such legal action as he may be advised after the meeting of November 16, 1962. The stay contained in the order to show cause is vacated.
The court regretfully observes that petitioner has consistently referred to the triumvirate as a “ Troika ”, a word which has apprehensive and distasteful connotations. It was first given currency in this country by Krushchev in his arrogant plea to the United Nations to substitute, what he called a “ Troika ” for the office of Secretary General. Its origin makes it no more palatable to America and certainly has no place in litigation among respected American citizens, at this or any other time. The English language is rich enough to express ideas, without resorting to words which are used in an effort to supplant democratic processes Avith dangerous ideologies.